Aloha. Aloha. Aloha. Counsel, you may proceed. My name is Emmanuel Guerrero, representing Cesar Clara. Before we proceed, I want to also thank you, because coming back here brings back memories. I never realized it was 20-plus years. And when I walked outside this morning, guess what? Everybody looked small. At the university here, we have pictures of all of the classes, and guess what? I also look small. But the point here is this. Does the record of conviction, does the record of conviction that we had before you, make Claro's nine convictions for sex assault in the third degree under Hawaii revised statute First of all, are any one of those offenses an aggravated felony for the offense, for the offense of sex abuse of a minor? Now, under the categorical approach which you've heard earlier, you take a look at the statute itself. Your Honor, you take a look at the statute. It's like when I say aloha. When I say aloha, it means welcome. When I say aloha when you leave, when I leave, it means goodbye. And that's the definition, which means that there are several possible meanings of a certain word. But in this particular case, the Supreme Court has told us again, and you are correct, told us again, you have to take a look at the statute. And if you take a look at the statute in this case, 702.132.707, 732.1b, and you take a look at it, what do you see? It's an overbroad statute. It says a person commits the offense of sex assault in the third degree If a person makes contact, makes sexual contact with a person under the age of 14, it doesn't tell us what kind of contact. So we take a look at the next definition on 700.707.700. What is sexual contact? Sexual contact tells us, and my learned colleague over here, all the way from Washington, actually told us everything. And sometimes, you know, we in Hawaii, we feel a little bit funny. We feel like we're not good enough. But I feel in this particular case, we are, because you know why? They cited the same thing. They told us the same thing. Sexual contact, 707.732 again, 1b. The person knowingly subjects to sexual contact another person who is less than 14 years old. So we have the specific intent there of knowingly, but then it goes on to say or, or causes such a person to have sexual contact with that person. Well, Counsel, under Duenas-Alvarez, isn't it your duty to examine the cases from the Hawaii courts to determine whether it has ever been applied to someone in that, let's say, innocent capacity? Not under the categorical approach of whether it's an aggravated felony, Your Honor. You take a look at the statute. And under the statute, under the statute, under the case law that we have under Baron Medina, for example, it tells us if it's an aggravated felony, if you make sexual contact with lewd intent, lewd intent with a person under 14, it doesn't matter why you touch that person if there's lewd intent. And lewd intent, as you take a look at the government's, the government's brief, they cite many, many cases where this court, the BIA, tells us that if you touch a person, a child, with sexual intent, with gratification, lucidius intent, gratification of yourself, that is sex abuse. And I'm not going to disagree. I think you'd look at my brief. I'm not going to disagree. But you take a look at the statute. Baron Medina tells us, what does the statute tell us here, Hawaii? Sexual contact. Sexual contact is further defined. Sexual contact, 707-700, means any touching, any touching, other than acts of sexual penetration. And this court recently, I think it was about a year ago, this court said prostitution is prostitution, but for immigration purposes, it is not prostitution if the statute, similar statute that we have here, 707-700, does not have the specific definition in the INA. Counsel, in this particular case, the IJ used the modified categorical approach, didn't it? Yes, she did. And under the circumstances, how could we be analyzing this for purposes of a categorical approach if the IJ herself used the modified categorical approach? Well, because I believe that the IJ was in error. I would not be here today if I did not believe that she was in error. You look at her modified categorical approach. You take a look at the record of conviction. The record of conviction that we have here as to what actually Mr. Claro pled to, and Mr. Claro did plead guilty to all counts as charged. By the way, it was not me. We're glad to hear that. When you take a look at it, what did he plead to? Count one, for example. Cesar Claro, they tracked the statute. And the statute doesn't have an intent, sexual intent. That's correct. It doesn't. It does not. It does not have sexual intent. So, for example, if I'm walking down the street, or worse yet, I'm a coach. I'm a basketball coach. I'm a soccer coach. Or in Hawaii, I'm a hula pumu. It's like sensei. It's like the best. I pat my, I'm not going to tell you, pat him on the back, the buttocks. Twelve years old. And as my colleague here has stated in the previous case, 702-204, the state of mind is reckless. If I pat him, yes, I know I'm patting him. Do I have any sexual intent? No, I don't. Did the government have an opportunity to bring the transcripts of the colloquy? They could have. They chose not to. So, is that, that is, in fact, a violation. So under the modified approach, is that a crime of moral turpitude? No, it is not. Counsel, is it possible for the government, under your theory of the case, even if we reverse and send this back to the IJ, is it possible for the government to show that this is an aggravated felony if the statute on its face does not contain the sexual intent component? They cannot, Your Honor. It's our position that the way the statute is written today, the way the statute is written, it is not an aggravated felony categorically. Because any, any touching, Your Honor. Is it on a modified categorical basis? On both, on both approaches. Because both of them are, you're going to refer to the statute and the statute doesn't have the component that we just discussed. That's correct. And if you take a look at it, Your Honor, if you take a look at the record very carefully, I did tell the court, the IJ, I can get the record of transcripts. And if you take a look at it very carefully, you'll notice that I even asked for a continuance to allow me to try to attack, to attack Mr. Claro's conviction based upon his plea not being properly, not be, he not be given proper advice. What's the status of that? Unfortunately, Your Honor, he doesn't have the money for counsel to continue on in that matter. And that's why we're attacking this. That's why we're doing this. Mr. Claro, unlike the other guys that's going to come before you where they have companies, they have money, Mr. Claro is a person from the Philippines who came here, doesn't have that much money, and we have to make a choice. And that's what it's all about. In any event, you are not able to give us any case where the Hawaii courts have used this statute to prosecute what we might call playful conduct, something that is not, no lewd intent. Your Honor, the, this is a statutory provision where a strict liability, you make contact with the person, and you make contact with that person, as they stated, you know, they'll say intimate parts, but they don't define intimate parts. But we know that on the indictment itself, on the record of the indictment, on page 265 of the record, you'll see there's references to the buttocks. So, and I can tell you, Judge, when they appeal these kind of cases, they don't appeal it as to whether or not, whether or not there was any kind of, Your Honor, thank you, I hope. Your time has expired, but finish the sentence, counsel. Judge, it's the state of mind and the conduct. And we have to be mindful that the burden of proof is on the government to establish all of those things. And in this particular case, they have not. Again, aloha. Aloha. Thank you very much, counsel. Thank you. We'll now hear from the government. Good morning again. Catherine Moore for the respondent. I wonder if I could start off by just asking the same question that I ask if you're a colleague here. Does the government agree that the IJA tried this matter under the modified categorical approach? No, Your Honor, the government does not agree. We see that this is applying the categorical approach, and we don't need to reach the modified categorical approach. It's under the categorical approach. What else, if not this, would constitute crime involving moral turpitude? But don't you agree that the statute does not contain a sexual intent component? And if you don't, where in the statute do you find that? Your Honor, the statute requires that a person knowingly subject to sexual contact another person who is under the age of 14. The requisite mental intent is not negligent, is not reckless. This is not a strict liability statute. The requisite intent is to knowingly subject somebody to sexual contact. But under the categorical approach, the statute cannot be so broad as to cover what we'll call playful patting that your opposing counsel mentioned there. Doesn't the statute, the way it's worded, arguably cover, say, a male soccer coach, a little girl soccer coach, and he pats a little girl on the buttocks and she goes into the game, go get him, Sally. Is she covered by that statute? As written? Perhaps technically as written, Your Honor, but under the Supreme Court decision... Isn't that what we're left with is the way it's written? No, Your Honor, under Gonzales v. Duenas-Alvarez, we have to look at how this statute is applied by the state courts. And Petitioner can cite to no case that applies this statute in such a broad manner. This is an absurd reading of the statute. The statute plainly says that it prohibits sexual contact with another person, and there's no evidence to suggest that the state court would apply this criminal statute to a parent engaged in horseplay with their child or an adult that changes a child's diaper. That is an absurd reading of the statute, and there's no evidence, there's no case law that would suggest that the statute would be applied in such a manner. So you're saying that in the state of Hawaii there's never been a situation where an angry spouse in the middle of a divorce has not tried to charge the other spouse with violating the statute? I don't know of any such case, Your Honor. I do not. But it's possible, isn't it? I think that's a real stretch of the legal imagination, and that is the type of hypothetical reasoning that the Supreme Court has foreclosed in Gonzalez v. Duenas-Alvarez. We have to look at how the statute's applied. Who has the burden under Duenas? I don't know the answer to that, Your Honor, but in this case the government does have the burden to show by clear, convincing, and unequivocal evidence that the petitioner is deportable, and the government has met that burden. There's no question that he's been convicted under this statute. Nine counts involving five different victims. There's no question that the government has met this burden and that the petitioner has been convicted. Anything further? No, Your Honor. Thank you, Counsel. The case just argued will be submitted for decision, and we will hear argument in Cox v. Ocean Park.
judges: O'scannlain, Tashima, Smith